UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY as subrogee
of BP/CG CENTER I, LLC, BP/CG CENTER II, LLC
CITIGROUP CENTER CONDOMINIUM and all other           **ANSWER WITH**
named insureds under policy number 8753820,          **CROSS CLAIMS**

                      Plaintiffs,

                                                     Docket No.: 08 CIV 6563

     -against-

LOCHINVAR CORPORATION, SOUTH ERIE
PRODUCTION COMPANY doing business as
SEPCO-ERIE and S. DIGIACOMO & SON, INC.,

                      Defendants.
------------------------------------------------------------------------X

       Defendant, LOCHINVAR CORPORATION, by their attorneys, RENDE, RYAN & DOWNES, LLP, answering the Complaint of the plaintiffs (subrogors referred to collectively as "Citigroup") upon information and belief:

## **BACKGROUND**

       1.  Denies each and every allegation contained in the paragraphs designated "1," "3", and "4" thereof.

       2.  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "2" thereof.

## **JURISDICTION AND VENUE**

       **3.**  Denies each and every allegation contained in the paragraphs designated "5," and "6" and respectfully refers all questions of law to the Court.

## **THE PARTIES**

       4.  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "7," "8," "11," and "12" thereof.

5. Denies each and every allegation contained in the paragraph designated "9" thereof.

## THE LOSS

6. Denies each and every allegation contained in the paragraphs designated "13," "14," "15," "17," and "19" thereof.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "16," "18" and "20" thereof.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
## LOCHINVAR AND SEPCO-ERIE
## (PRODUCT DEFECT)

8. Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "20" insofar as said allegations are repeated, reiterated and realleged in paragraph "21" thereof.

9. Denies each and every allegation contained in the paragraphs designated "22," "24," "25" and "26" thereof.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "23" thereof.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
## LOCHINVAR AND SEPCO-ERIE
## (FAILURE TO WARN)

11. Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "26" insofar as said allegations are repeated, reiterated and realleged in paragraph "27" thereof.

12. Denies each and every allegation contained in the paragraphs designated "28," "29," "30," "31" and "32" thereof.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT S. DiGIACOMO, (NEGLIGENCE)

13. Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "32" insofar as said allegations are repeated, reiterated and realleged in paragraph "33" thereof.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "34," "35" and "36" thereof.

15. Denies each and every allegation contained in the paragraph designated "37" thereof.

### AS AND FOR FIRST AFFIRMATIVE DEFENSE

16. The Complaint fails to set forth a cause of action against defendant, LOCHINVAR CORPORATION.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. The Complaint against defendant, LOCHINVAR CORPORATION, is barred by applicable Statutes of Limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred by the doctrines of waiver, estoppel and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred to the extent that plaintiffs' payment to Citigroup was not reasonable.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred because plaintiffs were volunteers in making payment to Citigroup.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

21. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred because there is no privity of contract between plaintiffs and LOCHINVAR CORPORATION.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

22. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred because LOCHINVAR CORPORATION owed no duty to plaintiffs.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

23. That if CITIGROUP sustained injuries and/or damages, at the time and/or place and/or manner alleged in its Complaint, said injuries and/or damages were, in whole or in part, the result of CITIGROUP's own culpable conduct, including, but not limited to, negligence, carelessness, recklessness and/or assumption of risk.

24. By reason of the foregoing, defendant demands that the amount of any damages recovered or any judgment received by plaintiffs be reduced accordingly, pursuant to common law and CPLR §1411, in the proportion to which the culpable conduct attributable CITIGROUP bears to the culpable conduct which caused the injuries and/or damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

25. If CITIGROUP has received or will receive remuneration and/or compensation for some or all of its claimed economic loss, defendant, LOCHINVAR CORPORATION, is entitled to have CITIGROUP's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to §4545(c) of the Civil Practice Law and Rules.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

26. The injuries and/or damages and the risks incident to the incident and/or situation mentioned in plaintiffs' Complaint were open, obvious and apparent, and were known

and assumed by CITIGROUP and plaintiffs' claims are barred by virtue of CITIGROUP's assumption of the risks thereof.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

27. Plaintiffs and CITIGROUP failed to mitigate, obviate, diminish and otherwise act to lessen or reduce the alleged injuries and damages alleged in the Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

28. That, to the extent that the alleged damages and/or injuries of plaintiffs and CITIGROUP, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims of plaintiffs against defendant, LOCHINVAR CORPORATION, should be barred.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

29. This Court lacks subject matter jurisdiction in that Citigroup, a plaintiff herein, has a principal place of business in the State of New York and complete diversity does not lie between the parties pursuant to 28 U.S.C. §1332.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST SEPCO-ERIE AND S. DIGIACOMO & SON, INC.

30. That if CITIGROUP was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, other than CITIGROUP's own negligence, carelessness, recklessness, or other culpable conduct, said damages were sustained by reason of the carelessness, recklessness, negligence and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute by the co-defendants, SEPCO-ERIE AND S. DIGIACOMO & SONS, INC., their agents, servants and/or employees, without any negligence

or other culpable conduct on the part of defendant, LOCHINVAR CORPORATION, contributing thereto.

31. That by reason of the foregoing, defendant, LOCHINVAR CORPORATION, will not be liable to CITIGROUP or the co-defendants in the event and in the amount of recovery herein by CITIGROUP, and defendant, LOCHINVAR CORPORATION, is entitled to indemnification from the co-defendants, SEPCO-ERIE AND S. DIGIACOMO & SONS, INC.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST SEPCO-ERIE AND S. DIGIACOMO & SON, INC.

32. That if CITIGROUP was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, or other culpable conduct, other than CITIGROUP's own negligence, carelessness, recklessness, or other culpable conduct, and if plaintiffs should recover a verdict or judgment against defendant, LOCHINVAR CORPORATION, defendant will be damaged thereby, and such injuries or damages and verdict or judgment will have been brought about, caused and sustained by reason of the active and/or primary and/or affirmative carelessness, recklessness, negligence, culpable conduct and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute and/or wrongdoing by the co-defendants, SEPCO-ERIE AND S. DIGIACOMO & SONS, INC., their agents, servants and/or employees, without any negligence on the part of defendant, LOCHINVAR CORPORATION, contributing thereto or with the negligence, if any, on the part of defendant, LOCHINVAR CORPORATION, which is specifically denied, being merely passive, secondary, and/or derivative in nature.

33. By reason of the foregoing, defendant, LOCHINVAR CORPORATION, is entitled to indemnification by said co-defendants, SEPCO-ERIE AND S. DIGIACOMO & SONS, INC.

34. By reason of the foregoing, if plaintiffs recover any verdict or judgment against defendant, LOCHINVAR CORPORATION, the co-defendants SEPCO-ERIE AND S. DIGIACOMO & SONS, INC., will be liable to defendant, LOCHINVAR CORPORATION, under the doctrines of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that plaintiffs may recover against or from defendant, LOCHINVAR CORPORATION, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim, and defendant, LOCHINVAR CORPORATION, will not be liable to the co-defendants, SEPCO-ERIE AND S. DIGIACOMO & SONS, INC., in the event and in the amount of any recovery herein by plaintiffs.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST**
**SEPCO-ERIE**

35. As alleged in the Complaint, the coupling eventually failed in that it separated completely from the pipes to which it had been attached, causing a major flood and resulting water damage.

36. In the event plaintiff sustained damage as alleged in the Complaint, same will be the result of SEPCO-ERIE's manufacturing or design defect.

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST**
**SEPCO-ERIE**

37. SEPCO ERIE placed the coupling in the stream of commerce to be sold for the purpose of connecting ferrous and non-ferrous piping.

38. As alleged in the Complaint, the coupling was not suitable to be used in connection with an air conditioning cooling loop insofar as the stresses associated with such installation and the chemicals in the cooling water could cause the failure of the coupling.

39. As alleged in the Complaint, SEPCO ERIE knew or should have known the foregoing and had a duty to warn that the coupling should not have been used in a cooling loop and failed to do so.

40. As alleged in the Complaint, SEPCO ERIE's failure to warn was a proximate cause of the failure of the coupling.

### AS AND FOR A FIFTH CROSS-CLAIM AGAINST SEPCO-ERIE

41. SEPCO ERIE sold the incident coupling pursuant to "Lochinvar Terms and Conditions." (Exhibit "C").

42. The Lochinvar Terms and Conditions requires SEPCO ERIE to indemnify, hold harmless and defend Lochinvar.

### AS AND FOR A SIXTH CROSS-CLAIM AGAINST SEPCO-ERIE

43. The Lochinvar Terms & Conditions requires SEPCO ERIE to purchase insurance listing Lochinvar as an additional insured.

44. SEPCO ERIE did not obtain insurance coverage in favor of Lochinvar.

45. Lochinvar was not listed as an additional insured on SEPCO ERIE's insurance policy.

46. SEPCO ERIE breached its contract.

WHEREFORE, defendant, LOCHINVAR CORPORATION, demands judgment dismissing the Complaint against it, or, in the alternative, granting it judgment over against and indemnity from co-defendants, SEPCO-ERIE AND S. DIGIACOMO & SONS, INC., for all

sums which LOCHINVAR CORPORATION is held liable to plaintiffs in this action or, in the alternative, for their proportionate share of the fault resulting in plaintiffs' damages.

Dated: August 15, 2008
      White Plains, New York

                                Yours, etc.,

                                RENDE, RYAN & DOWNES, LLP.

                              By: _____/S_____
                                ROLAND T. KOKE (RK 1068)
                              Attorneys for Defendant
                              LOCHINVAR CORPORATION
                              202 Mamaroneck Avenue
                              White Plains, New York 10601
                              (914) 681-0444

To:    GWERTZMAN, LEFKOWITZ,
        BURMAN, SMITH & MARCUS
        Attorneys for Plaintiffs
        80 Broad Street-16[th] Floor
        New York, New York 10004
        Attention; David S. Smith
        212-968-1001

**CERTIFICATE OF SERVICE**

  This is to certify that on August 18, 2008, a copy of the foregoing **ANSWER WITH CROSS-CLAIMS and RULE 7.1 STATEMENT** was served on the following counsel of record via electronic filing:

GWERTZMAN, LEFKOWITZ,
BURMAN, SMITH & MARCUS
Attorneys for Plaintiffs
80 Broad Street-16th Floor
New York, New York 10004
Attention; David S. Smith
212-968-1001

/S_____
  ROLAND T. KOKE (RK1068)
Attorneys for Defendant
LOCHINVAR CORPORATION
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444