UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY as subrogee of
BP/CG Center I, LLC, BP/CG II, LLC, Citigroup Center
Condominium, and all other named insureds under policy
number 8753820,

                                       Plaintiffs,

          -against-

LOCHINVAR CORPORATION, SOUTH ERIE
PRODUCTION COMPANY doing business as SEPCO-
ERIE and S. DIGIACOMO & SON, INC.,

                                      Defendants
------------------------------------------------------------------X

CASE No.: 08 CV 6563
(GBD)(THK)

**ANSWER TO COMPLAINT
WITH CROSS-CLAIMS**

**JURY TRIAL DEMANDED**

        Defendant **S. DiGiacomo & Son, Inc.,** by its attorneys, FRENCH & RAFTER, LLP, as and for its Answer to the Verified Complaint, alleges as follows:

### Background

        1.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1", and refers to the Complaint for the allegations contained therein.

        2.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2".

        3.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "3" and denies Defendant S. DiGiacomo & Son improperly manufactured, designed or installed the coupling alleged to have failed.

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4", and refers to the Complaint for the allegations contained therein.

### Jurisdiction and Venue

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "5" and "6" and respectfully refers all questions of law to the Court.

### The Parties

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "7", "8", "10", and "12".

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "9" and respectfully refers all questions of law to the Court.

8. Admits the allegation in paragraph "11", that Defendant S. DiGiacomo & Son, Inc. was and still is a corporation duly organized under the law of State of New York, but denies Defendant S. DiGiacomo & Son has a place of business in Eastchester, New York.

### The Loss

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "13", "14", "15" "16", "17", "19", and "20".

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18", and refers to the relative contracts or agreements for the terms and conditions contained therein.

### AS AND FOR A RESPONSE TO THE CLAIM FOR RELIEF

14. Defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs designated "1" through "13" as though fully set forth herein at length in response to paragraph designated "21".

15. Denies having knowledge or information sufficient to form a belief as to the as to the truth of the allegations contained in paragraphs designated "22", "23", "24", and "25".

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "26", and respectfully refers all questions of law to the Court.

### AS AND FOR A RESPONSE TO THE SECOND CLAIM FOR RELIEF

17. Defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs designated "1" through "16" as though fully set forth herein at length in response to paragraph designated "27".

18. Denies having knowledge or information sufficient to form a belief as to the as to the truth of the allegations contained in paragraphs designated "28, "29" "30", and "31".

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "32", and respectfully refers all questions of law to the Court.

### AS AND FOR A RESPONSE TO THE THIRD CLAIM FOR RELIEF

20. Defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs designated "1" through "19" as though fully set forth herein at length in response to paragraph designated "33".

21. Denies the allegations contained in paragraphs designated "34", and respectfully refers all questions of law to the Court.

22. Denies the allegations contained in paragraphs designated "35" and "36".

23. Denies the allegations contained in paragraph designated "37", and respectfully refers all questions of law to the Court.

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

24. That this action is barred and/or limited by reason of the expiration of the applicable statute of limitations.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

25. That the damages allegedly suffered by the Plaintiffs were caused in whole or in part by the culpable conduct of the Plaintiffs themselves, and the Plaintiffs' claims are therefore barred or diminished in the proportion that such culpable conduct of the Plaintiffs bears to the total culpable conduct causing the damages.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

27. That any and all expenses and economic losses incurred by the Plaintiffs have been or will be paid to the Plaintiffs by a collateral source as defined in CPLR §4545(c), and, as such, these answering Defendants are, as a matter of law, not required to indemnify the Plaintiffs, and consequently, the Plaintiffs' claims are therefore extinguished or diminished.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

28. That any damages sustained by Plaintiffs were caused by third parties over whom this

answering Defendant exercised no control and/or right of control.

### AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

29. That the Plaintiffs have failed to mitigate damages.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS LOCHINVAR CORPORATION and SOUTH ERIE PRODUCTION COMPANY doing business as SEPCO-ERIE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

30. That if Plaintiffs sustained the damages in the manner and at the time and place alleged, and if it is found that the answering Defendant, **S. DiGiacomo & Son, Inc.** is liable to Plaintiffs herein, all of which is specifically denied, then said answering Defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution from Co-Defendants, Lochinvar Corporation and South Erie Production Company, d/b/a Sepco-Erie, for any verdict or judgment that Plaintiffs may recover against the answering Defendant.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS LOCHINVAR CORPORATION and SOUTH ERIE PRODUCTION COMPANY doing business as SEPCO-ERIE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

31. That if Plaintiffs sustained the damages in the manner and at the time and place alleged, and if it is found that the answering Defendant, **S. DiGiacomo & Son, Inc.** is liable herein, all of which is specifically denied, then said answering Defendant, on the basis of common-law indemnification, is entitled to indemnification from and judgment over and against Co-Defendants, Lochinvar Corporation and South Erie Production Company, d/b/a Sepco-Erie, for any verdict or judgment that Plaintiffs may recover against the answering Defendant.

**WHEREFORE**, Defendant **S. DiGiacomo & Son, Inc.** demands judgment dismissing Plaintiffs' Complaint against it, and further demands that in the event said answering Defendant is found liable to Plaintiffs herein, then said answering Defendant on the basis of apportionment of responsibility and/or the basis of common law indemnification has judgment over and against Co-Defendants, Lochinvar Corporation and South Erie Production Company d/b/a SEPCO Erie, for all or part of any verdict or judgment against said answering Defendant, together with the costs and disbursements of this action.

Dated: New York, New York
August 27, 2008

Yours, etc.

FRENCH & RAFTER, LLP

BY: _____
BETH L. REX, ESQ. (BLR 2025)
Attorneys for Defendant
**S. DiGiacomo & Son, Inc.**
29 Broadway, 27th Floor
New York, New York 10006
212-797-3544
File #: 8400.1152

TO:

David Scott Smith, Esq.
Gwertzman Lefkowitz Burman Smith & Marcus
Attorneys for Plaintiffs
80 Broad Street – 16th Floor
New York, New York 10004
(212) 968-1001

Roland Theodoor Koke, Esq.
Rende, Ryan & Downes, LLP
Attorneys for Defendants
LOCHINVAR CORPORATION,
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

SOUTH ERIE PRODUCTION COMPANY
d/b/a SEPCO-ERIE
1221 Robinson Road
Erie, PA 16509

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   )ss:
COUNTY OF NEW YORK )

**SANDY PEÑA**, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Queens County, New York.

That on August 27, 2008, deponent served the within **ANSWER TO COMPLAINT WITH CROSS-CLAIMS** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York to:

David Scott Smith, Esq.
Gwertzman Lefkowitz Burman
Smith & Marcus
Attorneys for Plaintiffs
80 Broad Street – 16th Floor
New York, New York 10004
(212) 968-1001

Roland Theodoor Koke, Esq.
Rende, Ryan & Downes, LLP
Attorneys for Defendants
LOCHINVAR CORPORATION,
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

SOUTH ERIE PRODUCTION COMPANY
d/b/a SEPCO-ERIE
1221 Robinson Road
Erie, PA 16509

_____
SANDY PEÑA

Sworn to before me this
27TH day of August, 2008

_____
NOTARY PUBLIC

BETH REX
Notary Public, State of New York
NO. 31-4928883
Qualified in New York County
Commission Expires April 4, 20 10

Case No.: 08 CV 6563

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEXINGTON INSURANCE COMPANY as subrogee of BP/CG Center I, LLC, BP/CG II, LLC, Citigroup Center Condominium, and all other named insureds under policy number 8753820,

        Plaintiffs,

-against-

LOCHINVAR CORPORATION, SOUTH ERIE PRODUCTION COMPANY doing business as SEPCO-ERIE and S. DIGIACOMO & SON, INC.,

---

**ANSWER TO COMPLAINT WITH CROSS-CLAIMS**

---

**FRENCH & RAFTER, LLP**

*Attorneys for Defendant*

S. DiGiacomo & Son, Inc.

**29 BROADWAY
NEW YORK, NEW YORK 10006
TELEPHONE (212) 797-3544**